Heart BROWN

v.

**Richard S. SCHWEIKER, Secretary of Health and Human Services.**

Civ. A. No. 81–4560.

United States District Court, E.D. Pennsylvania.

April 13, 1983.

285

James M. Lafferty, Community Legal Services, Philadelphia, Pa., for plaintiff.

Rachel Shao, Asst. U.S. Atty., Philadelphia, Pa., for defendant.

MEMORANDUM AND ORDER

DITTER, District Judge.

This is an action brought under Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), seeking review of a final decision of the Secretary of Health and Human Services, denying benefits to the plaintiff, Heart Brown. The parties have filed cross motions for summary judgment and the matter was referred to a United States Magistrate for a report and recommendation. The Magistrate has recommended that the plaintiff's motion for summary judgment be denied and the Secretary's motion for summary judgment be granted. While I agree in part with the Magistrate's report, I nonetheless find that the administrative law judge (ALJ) committed two fundamental errors of law which compel this action to be remanded to the Secretary for further consideration.

The plaintiff is a 43 year old male with a tenth grade education whose most recent employment was as a secretary for the City of Philadelphia. The plaintiff had previously worked for the city as a welder and custodian but was forced to switch to lighter work after he injured his knee in June, 1977. He stopped working altogether in September, 1979, because of his injuries and resulting pains to his knee, back, and legs.

The plaintiff filed an application for disability insurance benefits on May 9, 1980, alleging disability as of May 10, 1979, due to

chondromalacia[1] of the right knee and a back impairment (Tr. 87). The application was denied initially and upon plaintiff's request for reconsideration, the denial was affirmed by a disability examiner and a reviewing physician who concluded that because of his age, education, and the severity of his impairment, he was able to make an occupational adjustment to light, sedentary work (Tr. 91–95). The claim was then considered *de novo* by an administrative law judge, before whom the plaintiff and his attorney appeared at a hearing on February 19, 1981.

The evidence presented at the hearing is comprehensively detailed in the report of the Magistrate and will therefore only be summarized in pertinent part. Following plaintiff's injury in June, 1977, surgery was performed in October, 1977, to repair the plaintiff's torn cartilage in his right knee. Mr. Brown's recovery from this operation was relatively unremarkable, and following an arthroscopy performed in May, 1978, physical examination of the knee revealed no effusion and the range of motion to be within normal limits (Tr. 125–129). In June, 1980, Dr. Parviz Kambin, an orthopaedic surgeon, examined the plaintiff for the Secretary and reported that despite the plaintiff's continued complaints of pain in his knee, the knee appeared stable with no excess fluid appearing in the joint cavity. Dr. Kambin found, however, that the plaintiff's right thigh had begun to atrophy and the motion of plaintiff's lumbar spine was limited and painful. In light of these disabilities, Dr. Kambin concluded that although the plaintiff could not return to his previous work, he should be able to participate in activities and work which did not require lifting, bending, climbing or squatting (Tr. 139–141).

In July, 1980, Dr. Arnold T. Berman performed an orthopedic examination of Mr. Brown and diagnosed the plaintiff as suffering from chondromalacia of the right knee. Dr. Berman reported that the plaintiff's complaints "represent a chronic dis-

ability and it is of a permanent nature. He could attempt limited duty, sedentary activity. However, this may be unsuccessful and he may not return to any duty" (Tr. 208).

Dr. Frederick Goldberger examined the plaintiff in August, 1980, and found the plaintiff was suffering from acute lumbosacral and chronic lumbosacral oesteoarthritis, due to right knee deformity and dysfunction. Dr. Goldberger concluded that these knee and back problems rendered the plaintiff "completely unable to work" (Tr. 150–151). Subsequent reports by Dr. Goldberger confirmed his initial conclusion of disability (Tr. 152, 224).

Mr. Brown testified at the hearing that following his initial injury in June, 1977, he was transferred from his custodial job to the lighter duty job of secretary (Tr. 39, 45–46). However, by September, 1979, the plaintiff was forced to stop working altogether because of constant leg and back pain which also resulted in difficulty travelling to and from work on public transportation (Tr. 81–82). Since September, 1980, plaintiff has been receiving semi-monthly workmen's compensation benefits from the city (Tr. 41–42). The plaintiff testified that he is in constant pain in his back and leg, with numbness in these regions, and swelling in his ankles (Tr. 52–59). He has been forced to wear a knee and back brace at all times and must use a cane when walking (Tr. 54, 57). He can walk only one or two blocks and can stand or sit for only 20–30 minutes at a time (Tr. 68). He is unable to lift anything or bend forward and will often remain in bed all day due to his pain (Tr. 69–70).

In a report dated July 2, 1981, the administrative law judge held that the plaintiff was not disabled within the meaning of the Social Security Act. He found that the plaintiff had the residual functional capacity to engage in sedentary work and after applying the criteria set forth in 20 C.F.R. app. 2 § 201.24 (1982), determined that the plaintiff was not disabled (Tr. 13). The appeals council denied the plaintiff's re-

---

1. Chondromalacia is a preternatural softness of the cartilages. Dorland's Illustrated Medical Dictionary 299 (24th ed. 1965, W.B. Saunders Co.):

quest for review on September 4, 1981, thereby making it the final decision of the Secretary. The plaintiff filed the present action seeking review of the Secretary's decision pursuant to 42 U.S.C. § 405(g).

■ In order for an individual to be entitled to disability insurance benefits, he must demonstrate that he is disabled within the meaning of Section 223(d)(1) of the Social Security Act, 42 U.S.C. § 423(d)(1). Under this provision a person is disabled if his "impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial, gainful work which exists in the national economy . . . ." 42 U.S.C. § 423(d)(2)(A). The Findings of Fact made by the Secretary in determining if an individual is disabled is conclusive upon the reviewing court if it is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *Cotter v. Harris,* 642 F.2d 700, 704 (3d Cir. 1981). Despite this deference to administrative decisions, reviewing courts retain a responsibility to scrutinize the record as a whole and reverse or remand if the Secretary's decision is not supported by substantial evidence. *Smith v. Califano,* 637 F.2d 968, 970 (3d Cir.1981). In the present case, the plaintiff alleges that three findings by the ALJ are not supported by substantial evidence. In his report, the Magistrate has concluded that each finding is adequately supported by the record and therefore recommends that summary judgment be granted in favor of the Secretary. While I agree with the Magistrate as to the first error alleged by the plaintiff, I reach a different conclusion as to the remaining grounds and must therefore remand this action to the Secretary for further consideration.

### I. *Testimony Concerning Plaintiff's Pain*

■ The plaintiff's first ground for reversal is the alleged failure by the ALJ to consider properly the plaintiff's subjective complaints of pain. It is well recognized in this circuit that a plaintiff's complaints of pain, even if unaccompanied by objective medical data, may support a claim for disability benefits. *Bittel v. Richardson,* 441 F.2d 1193 (3d Cir.1971). Thus, the plaintiff's assertions of pain must be given "serious consideration" by the ALJ in making a determination of disability. *Smith v. Califano,* 637 F.2d 968, 972 (3d Cir.1981). *See also Marcus v. Califano,* 615 F.2d 23 (2d Cir.1979); *Curtin v. Harris,* 508 F.Supp. 791 (D.N.J.1981). However, where the evidence of the severity of the pain is conflicting, the ALJ can, in the exercise of his discretion, consider this rebutting testimony in assessing the claimant's alleged disabling pain. *Halsey v. Richardson,* 441 F.2d 1230 (6th Cir.1971); *Warren v. Harris,* 507 F.Supp. 217 (E.D.Tenn.1980). "It is well-established that the ALJ has discretion to evaluate the credibility of a claimant and to arrive at an independent judgment, in light of medical findings and other evidence, regarding the true extent of the pain alleged by the claimant." *Bolton v. Secretary of HHS,* 504 F.Supp. 288 (E.D.N.Y.1980). However, before an ALJ can reject a plaintiff's testimony as not being credible, there must be a sufficient subordinate factual foundation for this assessment. *Boyle v. Harris,* 506 F.Supp. 294, 298 (E.D.Pa.1980).

■ Referring to the plaintiff's complaint of constant pain in his right knee and lower back, the ALJ determined that "[w]hile the medical record, considered in its entirety establishes a basis therefor, claimant's ability to stand, walk, sit, although on a limited basis, as well as his ability to move his upper and lower extremities, negates the constancy and severity of the pains suffered by him" (Tr. 13). Viewed in light of this rebutting evidence, the ALJ found the plaintiff's allegations of pain to be "not credible". I fully agree with the Magistrate that the record provides support for the ALJ's conclusion. The reports of Dr. Kambin and Dr. Berman, as well as the report from the plaintiff's

physical therapist[2] provide substantial evidence in support of the ALJ's determination regarding the plaintiff's complaint of pain.

## II. *Inadequate Consideration of Physician's Reports*

The plaintiff's second ground for reversal is that the ALJ gave inadequate consideration to the reports of Dr. Goldberger, one of the plaintiff's treating physicians, which stated the plaintiff was under a complete disability. The plaintiff erroneously bases his argument upon his misperception that the ALJ rejected Dr. Goldberger's opinion because it was not supported by clinical evidence. (Plaintiff's Memorandum of Law in Support of his Motion for Summary Judgment at 9). However, it is clear that this was not the ground upon which the ALJ relied in rejecting Dr. Goldberger's opinion. Instead, the ALJ stated that he had "considered the opinion of Dr. Goldberger that he is unable to work. However the undersigned finds this opinion to be inconsistent with the opinions of Dr. Kambin and Dr. Berman which establishes (sic) that the claimant has the functional capacity to engage in sedentary work." (Tr. 14). Thus it is evident that the ALJ rejected this evidence because it was "inconsistent" with other evidence and not, as plaintiff claims, because it was unsupported by clinical findings. Nevertheless, the fact that the plaintiff misconceives the basis on which the ALJ rejected Dr. Goldberger's reports does not alter the fact that the ALJ committed a fundamental error of law, thus obliging me to remand this case for further consideration.

■ This circuit has recognized that the factual conclusions by an ALJ should be accompanied by:

[A] statement of subordinate factual foundations on which ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision. This is necessary so that the court may properly exercise its responsibility under 42 U.S.C. § 405(g) to determine if the Secretary's decision is supported by substantial evidence.

*Baerga v. Richardson,* 500 F.2d 309, 312 (3d Cir.1974), *cert. denied* 420 U.S. 931, 95 S.Ct. 1133, 43 L.Ed.2d 403 (1975). Therefore, where an ALJ is presented with conflicting medical evidence, he must provide a reason and explanation before he can reject certain evidence. *Cotter v. Harris,* 642 F.2d 700, 705–06 (3d Cir.1981); *Burnett v. Harris,* 512 F.Supp. 98 (E.D.Pa.1981). In *Cotter, supra,* the Third Circuit held it was error for the ALJ to reject by implication conflicting medical evidence concerning the plaintiff's disability without providing any reason or explanation for doing so. The court stressed that such an explanation is necessary in order for the reviewing court to determine if the reasons for rejecting this evidence were proper. *Id.* at 705–06.

■ Analogous to *Cotter,* in the present case the ALJ erred in rejecting the medical evidence of Dr. Goldberger without providing a reason or explanation for doing so. The ALJ rejected this evidence on the grounds that it was "inconsistent" with the opinions of Dr. Kambin and Dr. Berman that the plaintiff retained the residual functional capacity to engage in sedentary work. This proffered explanation only states the obvious and provides no explanation for the factual basis for his preference of certain medical evidence over other such proof. All conflicting evidence is by definition "inconsistent" with other evidence. Moreover, by offering this self-evident proposition as his rationale for rejecting conflicting evidence, the ALJ has provided this reviewing court with no guidance as to what subordinate factual findings prompted him to reach this ultimate conclusion. *See Cotter, supra,* at 705.

## III. *Failure to Accord Proper Weight to Plaintiff's Receipt of Workmen's Compensation Benefits*

The final ground plaintiff advances for reversal is that the ALJ failed to give prop-

---

**2.** In her report, plaintiff's physical therapist, Mary Spalding, concluded that his "pain perception is inappropriate and does not consistently occur with physical signs." (Tr. 223).

er weight to the fact that the plaintiff was considered disabled by the City of Philadelphia for the purpose of receiving workmen's compensation benefits. The plaintiff testified at his hearing that he had been receiving compensation benefits since September, 1980, as a result of his work-related injuries (Tr. 41–42). In his decision, the ALJ acknowledged the plaintiff's receipt of these benefits, but stated that this fact "is not controlling on the issue in this case since the criteria for determining disability is not similar." (Tr. 14). Because the ALJ did not accord this evidence the weight it is entitled to in the Third Circuit, I must remand for this additional reason.

■ Although decisions by other government agencies concerning an individual's disability are not binding upon the Secretary, see 20 C.F.R. § 404.1504 (1982),[3] this circuit requires that these determinations be given "substantial weight" by the ALJ in deciding whether an individual is disabled. *Lewis v. Califano*, 616 F.2d 73, 76 (3d Cir.1980). *See also Rodriguez v. Schweiker*, 640 F.2d 682, 686 (5th Cir.1981); *Fowler v. Califano*, 596 F.2d 600, 603 (3d Cir.1979); *DePaepe v. Richardson*, 464 F.2d 92, 100 (5th Cir.1972); *Pulaski v. Finch*, 415 F.2d 613, 618 (3d Cir.1969); *Miller v. Harris*, 490 F.Supp. 1184, 1190 (W.D.Pa.1980). In fact, in *Lewis, supra,* the court held a doctor's determination that an individual is disabled for purposes of receipt of welfare benefits satisfies the plaintiff's burden of proving disability and shifts the burden of proving nondisability to the Secretary. 616 F.2d at 76.

■ In the present case, the record does not reflect that the ALJ gave the plaintiff's receipt of workmen's compensation disability payments "substantial weight". To the contrary, it appears that the ALJ gave this little, if any, weight. In his view this was not a controlling factor in his decision because the criteria for determining disability

are "not similar." However, the record is void of any evidence to support the ALJ's conclusion as to the dissimilarity of the criteria. Therefore, upon remand the ALJ should give this factor the weight which the law requires, and, if necessary, seek additional evidence on this issue.

### ORDER

AND NOW, this 13th day of April, 1983, for the reasons expressed in the foregoing memorandum, it is hereby ordered:

1. The cross-motions for summary judgment are denied;

2. This action is remanded to the Secretary for further consideration consistent with the views expressed in the accompanying memorandum.

---

**3.** 20 C.F.R. § 404.1504 (1982) states:

A decision by any nongovernmental agency or any other governmental agency about whether you are disabled or blind is based on its rules and is not our decision about wheth-

er you are disabled or blind. We must make a disability or blindness determination based on social security law. Therefore, a determination made by another agency that you are disabled or blind is not binding on us.