Michael EDWARDS

v.

COMMISSIONER OF SOCIAL SECURITY.

No. Civ.A. 96–5799.

United States District Court, D. New Jersey.

Jan. 8, 1998.

---

Randall Bass, Freeman & Bass, Newark, NJ, for Plaintiff.

Anthony J. Labruna, Jr., Assistant U.S. Attorney, Faith S. Hochberg, United States Attorney, Newark, NJ, for Defendant.

### AMENDED LETTER OPINION ORIGINAL ON FILE WITH CLERK OF THE COURT

POLITAN, District Judge.

Plaintiff Michael Edwards brings this action before the Court seeking to overturn the final determination of the Commissioner of Social Security denying plaintiff's claim for disability insurance benefits and Supplemental Security Income ("SSI"). For the following reasons, the Commissioner's decision is hereby affirmed.

## STATEMENT OF FACTS

Plaintiff Michael Edwards filed applications for Social Security disability insurance benefits and SSI on June 8, 1993, alleging disability due to a back condition, cervical left leg sprain, and right eye problems. Plaintiff's claim for benefits was initially denied, and then subsequently denied on reconsideration. Next, the plaintiff requested a hearing before the Administrative Law Judge ("ALJ"). A hearing before ALJ Richard DeSteno was then scheduled for November 9, 1995. At this hearing, the ALJ denied plaintiff's request for recusal.

On March 14, 1996, the ALJ determined that plaintiff was not disabled and thus not entitled to Social Security benefits. In ruling that Edwards was not disabled, the ALJ determined that the evidence did not establish that Edwards's impairments satisfied the requirements set forth in the "Listing of Impairments." See C.F.R. § 404, Subpt. P, App.1 (1995). In addition, the ALJ decided that the plaintiff's subjective complaints were controverted by the medical evidence; thus, the ALJ did not accord much weight to these complaints. Next, at step four, the ALJ found that plaintiff did not have the ability to perform his prior occupational duties.

The ALJ then proceeded to step five, however, and found that plaintiff has performed some work which involved the lifting of objects, sitting and standing for eight hours a day, and a full range of sedentary work. Based on this finding, the ALJ concluded that the plaintiff did not have any significant nonexertional impairments. The ALJ then utilized the Medical–Vocational grids endorsed by the Third Circuit and determined that Edwards did have the residual functional capacity to perform jobs existing in the

national economy. Accordingly, the ALJ concluded that plaintiff was not disabled and, therefore, not entitled to benefits.

The Appeals Council then denied plaintiff's request for review, and this appeal followed.

## LEGAL DISCUSSION

■ Jurisdiction over this appeal is conferred upon this Court pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Based on § 405(g), this Court must affirm the Commissioner's findings of fact if supported by substantial evidence. It is settled that substantial evidence means any " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938)). In addition, the ALJ's ruling should clearly explain the foundation upon which it rests. *Cotter v. Harris*, 642 F.2d 700, 704 (3d Cir.1981). Furthermore, it is clear that the ALJ is charged with the responsibility of analyzing all the relevant evidence and explaining why certain evidence was considered relevant while other evidence was dismissed. *Gober v. Matthews*, 574 F.2d 772, 776 (3d Cir.1978). Although administrative decisions are accorded a certain level of deference, it is the responsibility of this Court to closely sift through the record in order to determine whether the ALJ's ruling is buttressed by substantial evidence. *Id.*

In order for a claimant to be deemed disabled, and thus be entitled to benefits, he or she must comply with all relevant statutory requirements. To comply, the claimant must first meet the insured status requirements listed in 42 U.S.C. § 423(c) and the resource and income restrictions set forth in 42 U.S.C. §§ 1382(a) and (b). Secondly, the claimant must establish that he is not engaged in substantial gainful activity as defined in §§ 423(d)(1)(A) and 1382(c)(3)(A). In the instant case, the plaintiff has satisfied both of these requirements.

Finally, the claimant must show that he is disabled as defined by the statute. This final determination is the issue on appeal, and this Court must decide if the ALJ's ruling denying the plaintiff "disabled" status is supported by substantial evidence.

The Social Security Act prescribes a five-step process that must be satisfied in order for a claimant to be entitled to benefits. *See* 20 C.F.R. § 404.1520 (1995). Initially, the plaintiff has the burden of establishing that he is not currently employed or engaged in "substantial gainful activity." 20 C.F.R. § 404.1520(a) (1995); *Bowen v. Yuckert*, 482 U.S. 137, 146–47 n. 5, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987). Then, the plaintiff must also prove that he is inflicted with a severe medical impairment. 20 C.F.R. § 404.1520(c) (1995); *Bowen*, 482 U.S. at 146–47 n. 5. In addition, as a third requisite, the ALJ must determine whether the severe impairment is listed in 20 C.F.R. § 404, Subpt. P, App. 1 (1995). If the claimant's impairment does not meet the criteria set forth in the list of impairments, the ALJ must move to step four.

Pursuant to step four, the claimant is under the obligation to prove that he or she cannot return to the particular type of work the claimant had previously performed. 20 C.F.R. § 404.1520(e) (1995); *Bowen*, 482 U.S. at 146–47 n. 5. Failure to prove this requisite will result in a denial of benefits. 20 C.F.R. § 404.1520(e) (1995). Finally, if the claimant has proven that he or she is unable to perform prior occupational duties, the burden then shifts to the Commissioner to establish that the claimant is able to work in some other occupation in the national economy. 20 C.F.R. § 404.1520(f) (1995). If the Commissioner is unable to carry this burden, the claimant is entitled to benefits. *Id.*

■ In the case *sub judice*, this Court finds that the ALJ's decision to deny the plaintiff's claim for benefits is supported by substantial evidence. First, there exists substantial medical evidence that Edwards has the capability to engage in substantial gainful activity. Plaintiff's brief barely mentions any of the medical evidence in the record, rather choosing to engage in a long-winded historical lesson in the slave trade.

As the record illustrates, plaintiff has been examined by several doctors in order to diagnose his particular ailments. Most of these

physicians, however, have not stated that Edwards is physically precluded from performing occupational duties. In a 1994 examination, Drs. William J. Tevlin and David M. Myers, for example, found that Edwards would be able to work, but only at a reduced performance level. Similarly, Dr. Eleby R. Washington, in a 1994 examination, stated that there was no objective evidence of lumbosacral disability and did not mention that Edwards would be limited occupationally. Moreover, Dr. Samuel L. Pollock, in September of 1995, diagnosed several ailments but did not state that plaintiff would be unable to work.

■ In reviewing the evidence, the ALJ properly evaluated all of the medical evidence in the record. The ALJ does have discretion to accord less weight to particular reports by doctors who prepare many disability claims reports which are very similar in each case. *Williams v. Sullivan,* 970 F.2d 1178, 1185 n. 5 (3d Cir.1992), *cert. denied, Williams v. Shalala,* 507 U.S. 924, 113 S.Ct. 1294, 122 L.Ed.2d 685 (1993). The record reveals that Dr. Pollock and Dr. I. Ahmad have indeed submitted disability claims reports before and that their reports for Edwards are very similar to past reports. Thus, there is substantial evidence supporting the ALJ's decision to grant less weight to these medical reports in evaluating the evidentiary record.

Moreover, there is substantial evidence that supports the ALJ's ruling that plaintiff does not suffer from a significant nonexertional impairment. At the November 9, 1995 hearing, Edwards testified that he worked for one week in October of 1994 for Comsec Security. He also stated that he had to "catch public transportation" in traveling to and from work. In addition, Edwards testified that he worked on and off for Comsec for two years. Moreover, plaintiff testified that he worked for two weeks in March of 1995. Edwards also testified that he does some cooking and cleaning and walks around the house or block to get exercise.

The plaintiff further claims that the ALJ did not consider certain eye problems as a nonexertional limitation. The medical record, however, is practically bereft of any mention of an eye impairment.[1] This evidence substantiates the ALJ's finding that Edwards does not have a significant nonexertional limitation. The ALJ, therefore, properly used the Medical–Vocational grids approved by the Third Circuit to determine that the plaintiff has the residual functional capacity to perform jobs that exist in the national economy. *See Santise v. Schweiker,* 676 F.2d 925 (3d Cir.1982) (vocational grids may be used when no significant nonexertional impairments are established).

■ The plaintiff also claims that the ALJ did not consider the plaintiff's subjective complaints of pain. In considering subjective complaints of pain, the ALJ has discretion in evaluating the credibility of a claimant. *Brown v. Schweiker,* 562 F.Supp. 284, 287 (E.D.Pa.1983) (citing *Bolton v. Secretary of HHS,* 504 F.Supp. 288 (E.D.N.Y. 1980)). Accordingly, the ALJ must view the complaints in light of the medical evidence in the record. *Id.* There must be objective medical evidence that supports the claimant's complaints of pain. In this case, the ALJ did not dismiss the plaintiff's subjective complaints of pain. Rather, the ALJ properly evaluated these complaints of pain in conjunction with the objective medical evidence. It was totally in the ALJ's discretion to grant less weight to subjective complaints of pain when such evidence conflicted with the objective medical evidence. *Id.*

As the medical records indicate, Drs. Tevlin, Myers, Pollock and Washington reported that Edwards's gait and stance were normal. In addition, Dr. Washington concluded that there was no objective evidence of lumbosacral disability even though there was pain in the lumbosacral area. Although there was some evidence of back discomfort and exertional limitations, the record lacked evidence of any serious physical deficits, and plaintiff testified that he could lift certain objects and sit and stand for fairly long periods of time.

---

**1.** Plaintiff was treated for trauma to the eye and a retinal lesion at United Hospital in 1990. The laceration was sutured, and no other report in the medical record mentioned this eye impairment.

The ALJ, therefore, properly evaluated the plaintiff's subjective complaints in according less weight to such complaints.

Plaintiff additionally contends that the ALJ based his ruling on an impermissible racial bias against plaintiff. In alleging such unconstitutional discrimination, the plaintiff submits a prolix history lesson in the American colonial slave trade. As evidence of such bias, the plaintiff points to the fact that the ALJ had the opportunity to observe that the plaintiff is African–American. The mere fact that the ALJ had the opportunity to observe the plaintiff and note his race, however, does not prove the ALJ was motivated by racial bias. Moreover, the ALJ has discretion, as the trier of fact, to weigh all evidence and resolve material conflicts in the evidence. *Richardson v. Perales,* 402 U.S. 389, 399, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). Plaintiff, therefore, has failed to provide any evidence tending to show that the ALJ ruled based on a constitutionally impermissible racial motivation. Accordingly, this Court concludes that plaintiff's allegation of racial bias is completely without merit.

### CONCLUSION

For the foregoing reasons, and on the basis of the record as a whole, this Court finds that the Commissioner's determination that plaintiff is not entitled to disability insurance benefits or SSI under the Social Security Act is supported by substantial evidence and is hereby **AFFIRMED.**

An appropriate Order accompanies this Letter Opinion.

### AMENDED ORDER

**THIS MATTER** having come before the Court on the motion of plaintiff Michael Edwards to overturn the final determination of the Commissioner of Social Security denying plaintiff's claim for disability insurance benefits and Supplemental Security Income; and the Court having considered the matter without oral argument pursuant to Federal Rule of Civil Procedure 78; and for reasons appearing more particularly in the Letter Opinion of this Court in the above-captioned matter; and for good cause having been shown.

**IT IS** on this 8th day of January, 1998,

**ORDERED** that plaintiff's motion to overturn the Commissioner of Social Security's final determination be and the same hereby is **DENIED.**