**Joanne GANTT, Appellant**

v.

**COMMISSIONER SOCIAL SECURITY, Appellee.**

No. 05–4655.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Oct. 3, 2006.

Filed Oct. 31, 2006.

Richard B. Stone, Stone Mandia, Neptune, NJ, for Appellant.

Tomasina Digrigoli, Social Security Administration Office, New York, NY, for Appellee.

Before: McKEE, AMBRO, NYGAARD, Circuit Judges.

OPINION

McKEE, Circuit Judge.

Joanne Gantt appeals the district court's affirmance of the final decision of the Commissioner of Social Security denying her claim for benefits under the Social Security Act. The district court had jurisdiction pursuant to 42 U.S.C. § 405(g). We have jurisdiction pursuant to 28 U.S.C. § 1291. For the following reasons, we will affirm.

I.

Because we write primarily for the parties, we have no need to report the underlying facts or procedural history of this case. Our review is limited to determining whether the ALJ's denial of benefits is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla of evidence but may be somewhat less than a preponderance of the evidence." *Plummer v. Apfel,* 186 F.3d 422, 427 (3d Cir.1999) (quoting *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995)). It is "the relevant evidence which a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938)). The standard of substantial evidence includes deference to inferences drawn from the facts that are supported by substantial evidence. *Schaudeck v. Comm'r,* 181 F.3d 429, 431 (3d Cir.1999). If the ALJ's findings of fact are supported by substantial evidence, we are bound by those findings "even if we would have decided the factual inquiry differently." *Hartranft v. Apfel,* 181 F.3d 358, 359 (3d Cir.1999).

II.

The Social Security Administration has promulgated a five-step evaluation process to determine whether an individual is disabled. 20 C.F.R. § 404.1520. Here, the ALJ concluded that Gantt "is not disabled as that term is defined in the Social Security Act at any time through the date of this decision." App. A25. In undertaking the five-step analysis, the ALJ determined

that: (1) there was no evidence that Gantt worked since her alleged onset date; (2) Gantt's depression, anxiety disorder and panic disorder are severe impairments; (3) Gantt's impairment did not meet or equal the impairments listed in the relevant regulations; (4) Gantt was not able to return to her past work because Gantt was only able to perform simple, repetitive work tasks; (5) Gantt was able to perform work that exists in significant numbers in the national economy. App. A23–25.

Gantt disputes the ALJ's conclusions at two steps of the five-step analysis. First, Gantt claims that she meets step three of the analysis because, in contrast to the ALJ's findings, her impairments meet or equal sections 12.04 (affective disorders) and 12.06 (anxiety-related disorders) of the listing of impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Second, Gantt argues that step five of the analysis should have been resolved in her favor because she is not capable of performing any work that exists in the national economy. We disagree.

A claimant bears the burden of showing that her impairment meets or equals a listed impairment. *Burnett v. Comm. of Social Security*, 220 F.3d 112, 120 n. 2 (citing *Williams v. Sullivan*, 970 F.2d 1178, 1186 (3d Cir.1992)). The 12.04 and 12.06 listings at issue consist of paragraph A criteria (a set of medical findings), paragraph B criteria (a set of impairment-related functional limitations) and paragraph C criteria (a set of additional functional limitations). 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00(A). The required level of severity for 12.04 affective disorders is met when "the requirements in both A and B are satisfied, or when the requirements in C are satisfied." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.04. The required level of severity for 12.06 anxiety-related disorders is met when "the

requirements in both A and B are satisfied, or when the requirements in A and C are satisfied." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.06.

We need not address the paragraph A requirements because we agree with the ALJ that Gantt failed to meet the paragraph B and paragraph C requirements of the listings. App. A23. The paragraph B requirements of listing 12.04 and listing 12.06 require at least two of the following: (1) marked restriction of activities of daily living; or (2) marked difficulties in maintaining social functioning; or (3) marked difficulties in maintaining concentration, persistence or pace; or (4) repeated episodes of decompensation, each of extended duration. 20 C.F.R. Pt. 404, Subpt. P, App. 1, §§ 12.04(B), 12.06(B).

The paragraph C requirements of 12.04 and 12.06 differ. In addition to other criteria, 12.04 paragraph C requires demonstration of one of the following: (1) repeated and extended episodes of decompensation; (2) a residual disease process that has resulted in such marginal adjustment that even a minimal increase in mental demands or change in the environment would be predicted to cause the individual to decompensate; or (3) current history of 1 or more years' inability to function outside a highly supportive living arrangement, with an indication of continued need for such an arrangement. 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.04(C)(1)-(3). Paragraph C of the 12.06 listing requires that the disorder result in "complete inability to function independently outside the area of one's home." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.06(C).

If a treating physician's opinion regarding the nature and severity of an impairment "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the

other substantial evidence in [the] record," the opinion receives controlling weight. 20 C.F.R. 404.1527(d)(2). An ALJ need not defer to a treating physician's opinion about the ultimate issue of disability because that determination is an administrative finding reserved to the Commissioner. 20 C.F.R. § 404.1527(e). Additionally, while an ALJ must consider a claimant's subjective complaints, an ALJ has discretion to "evaluate the credibility of a claimant and arrive at an independent judgment in light of medical findings and other evidence regarding the true extent of the pain alleged by the claimant." *Brown v. Schweiker*, 562 F.Supp. 284, 287 (E.D.Pa. 1983) (quoting *Bolton v. Secretary of HHS*, 504 F.Supp. 288 (E.D.N.Y.1980)); *see also* 20 C.F.R. § 404.1529(c)(3). Subjective complaints cannot alone establish disability. 20 C.F.R. § 404.1529(a).

The district court stated: "[t]here are, admittedly, pieces in the record that could be taken as evidence to support both a finding that Gantt is not disabled, and a finding that she is." App. A12. However, our role is not to weigh the evidence; our role on review is limited to determining whether substantial evidence supports the ALJ's denial of disability benefits. 42 U.S.C. 405(g); *Hartranft*, 181 F.3d at 360.

In its well-reasoned and thorough Memorandum Opinion, dated September 22, 2005, the district court explained why substantial evidence supports the ALJ's determination despite the opinion of the treating physician, and the subjective complaints of pain, and why the ALJ did not improperly rely upon Gantt's problems with alcohol. We can add little to the court's analysis, and we will therefore affirm substantially for the reasons set forth by the district court in its September 22, 2005, Memorandum Opinion. *See* App. A–3 to A–20.

## III.

For the reasons stated above, we will affirm the order of the district court.