Gladys S. **RANDOLPH**, Plaintiff-Appellant,

v.

Elliott L. **RICHARDSON**, Secretary, Defendant-Appellee.

No. 73–1453.

United States Court of Appeals, Sixth Circuit.

Argued Oct. 9, 1973.

Decided Nov. 6, 1973.

* The Honorable George Templar of the United States District Court for the District of Kansas, sitting by designation.

John E. Acuff, Cookeville, Tenn., for plaintiff-appellant; W. Keith Crawford, Cookeville, Tenn., on brief.

Joe B. Brown, Asst. U. S. Atty., Nashville, Tenn., for defendant-appellee; Charles H. Anderson, U. S. Atty., M. D. Tenn., on brief.

Before PECK and McCREE, Circuit Judges, and ALLEN,* District Judge.

**PER CURIAM.**

This is an appeal from the grant of summary judgment affirming the Secretary's denial of a claim for disabled widow's insurance benefits under 42 U.S.C. § 402(e). This provision authorizes the award of benefits to a widow of a fully insured individual if she is unmarried and has attained age 50, but has not attained age 60, and is under a disability, as defined in § 423(d) of the Social Security Act. Benefits may be awarded within a period beginning with the month of the death of the wage earner and concluding with the close of the 84th month following the month when the period began.

Disability for this purpose is defined by regulations prescribed by the Secretary as a level of physical or mental impairment sufficient to preclude engaging in any gainful activity, and the Secretary has adopted regulations listing impairments preclusive of any gainful activity. The regulations also permit the award of benefits for an impairment that is the equivalent in severity and duration of a listed impairment. Social Security Administration Regulations, Chapter III, 20 C.F.R. § 404.1504 et seq.

Although it is apparent to us, as it was to the district court, that appellant experiences substantial physical impairment, nevertheless, the record affords substantial evidence to support the findings and conclusions of the Secretary, affirmed by the district court, that appellant's impairment is not of a severity that meets or equals any described in the listing of impairments in the applicable regulations. The findings of the Secretary are made conclusive as to any fact if supported by substantial evidence. 42 U.S.C. § 405(g); Rose v. Cohen, 406 F.2d 753 (6th Cir. 1969). Accordingly, noting that the period during which appellant may establish that she is under a disability as defined in the statute extends through June 30, 1974, the judgment of the district court is affirmed.