Irma L. WOKOJANCE, Plaintiff-Appellant,

v.

Caspar WEINBERGER, Secretary of Health, Education and Welfare, Defendant-Appellee.

No. 74-2105.

United States Court of Appeals, Sixth Circuit.

April 2, 1975.

Irwin W. Barkan (argued), Barkan, Barkan & Neff, Columbus, Ohio, for plaintiff-appellant.

William W. Milligan, U. S. Atty., Thomas D. Thompson, Arthur D. Jackson, Jr., Asst. U. S. Atty., Columbus, Ohio, for defendant-appellee.

Before PHILLIPS, Chief Judge, and MILLER and LIVELY, Circuit Judges.

PHILLIPS, Chief Judge.

In 1970, Mrs. Irma L. Wokojance applied to the Social Security Administration for widow's disability insurance benefits under 42 U.S.C. § 402(e). Mrs. Wokojance's claim was disallowed by the Administration on the ground that she was not disabled within the meaning of 42 U.S.C. § 423(d) and the regulations promulgated thereunder, 20 C.F.R. §§ 404.1504–404.1506 and appendix to Subpart P. After a hearing, the administrative law judge similarly concluded that Mrs. Wokojance was not disabled, and the Appeals Council affirmed this determination, which constitutes the final decision of the Secretary of Health, Education and Welfare. Mrs. Wokojance subsequently filed an action in the District Court under 42 U.S.C. § 405(g),

alleging that the administrative decision was not supported by substantial evidence and that § 423(d)(2)(B) violates the due process clause of the fifth amendment. District Judge Joseph P. Kinneary rejected both contentions, granting the Secretary's motion for summary judgment. This appeal followed.

■ An individual cannot qualify for widow's disability benefits unless she suffers from an impairment listed in the appendix to 20 C.F.R. Subpart P, or she suffers from one or more unlisted impairments that singly or in combination are the medical equivalent of a listed impairment. In this case Mrs. Wokojance was afflicted with arthritis, psoriasis, obesity, and certain mental disorders resulting at least in part from her physical ailments. There was a definite conflict in the medical evidence relating to the severity of plaintiff's mental and physical impairments. A psychiatrist, a clinical psychologist, and a psychiatric social worker reported that Mrs. Wokojance suffers from a severe mental disturbance that renders her unemployable or unable to work. Another psychiatrist, however, examined Mrs. Wokojance and found her apathetic but not mentally ill.

Two internists examined plaintiff and diagnosed mild, generalized psoriasis, mild or moderate degenerative joint disease, and exogenous obesity. One of these doctors stated his conclusion that plaintiff's conditions do not meet the requirements for widow's disability benefits. On the other hand, an osteopathic physician diagnosed Mrs. Wokojance's condition as acute psoriasis and acute rheumatoid arthritis and concluded that she is incapable of working. Finally, a medical consultant and a medical officer of the Social Security Administration each reviewed and evaluated Mrs. Wokojance's medical file and concluded that she does not suffer from any of the impairments listed in the appendix to 20 C.F.R. Subpart P, nor from the medical equivalent of any listed impairment.

■ The scope of judicial review is limited in Social Security cases. It is for the Secretary to resolve conflicts in the evidence and to decide questions of credibility. Myers v. Richardson, 471 F.2d 1265 (6th Cir. 1972). The findings of the Secretary are conclusive if supported by substantial evidence. Randolph v. Richardson, 486 F.2d 1046 (6th Cir. 1973). We conclude that the record in this case contains substantial evidence in support of the administrative finding that Mrs. Wokojance does not suffer from any impairment listed in the applicable regulations and that her ailments are not the medical equivalent of any listed impairment. Accordingly, we cannot disturb the Secretary's determination that plaintiff is not disabled for purposes of widow's disability insurance benefits.

Mrs. Wokojance's constitutional attack is directed to the different standards of disability that Congress has imposed upon wage earners and upon widows of wage earners. Under 42 U.S.C. § 423(d)(2)(A), a wage earner is considered disabled if his impairment precludes him from engaging in *any substantial* gainful activity. Under § 423(d)(2)(B), however, a widow applying for benefits on the basis of her spouse's record as a wage earner must show that she suffers from an impairment deemed by the Secretary to preclude her from engaging in *any* gainful activity. Moreover, in assessing a wage earner's ability to work, the Secretary must consider the claimant's age, education, and work experience. By contrast, a widow's claim of disability is judged solely by medical criteria.

It is evident that Congress has established a stricter test of disability for widows than for wage earners. Plaintiff contends that this legislative classification is arbitrary and irrational, and that it deprives her of equal protection of the laws.

■ There can be no doubt that the Social Security Act is subject to scrutiny under equal protection concepts implicit in the due process clause of the fifth amendment. Weinberger v. Wiesenfeld, — U.S. —, 95 S.Ct. 1225, 1228 n. 2, 43 L.Ed.2d 514 (1975); Jimenez v. Weinberger, 417 U.S. 628, 637, 94 S.Ct.

2496, 41 L.Ed.2d 363 (1974). However, Congress has wide latitude in the area of social welfare legislation, and there is no constitutional infirmity in a statutory classification that is rationally based and free from invidious discrimination. Richardson v. Belcher, 404 U.S. 78, 81, 92 S.Ct. 254, 30 L.Ed.2d 231 (1971); see Geduldig v. Aiello, 417 U.S. 484, 494–95, 94 S.Ct. 2485, 41 L.Ed.2d 256 (1974). In this case we believe that Congress has acted neither irrationally nor unconstitutionally in extending disability benefits to widows of insured wage earners upon more stringent conditions than those upon which the same benefits are extended to the wage earners themselves. These are distinct classes of claimants—a wage earner is entitled to benefits on the basis of his own work record, while a widow enjoys only a derivative right to benefits by virtue of the insured status of her deceased spouse. We find nothing in the Constitution that requires Congress to treat all classes of claimants alike.

Before 1967, disability benefits were not available at all to widows as such. The 1967 amendments to the Social Security Act provided benefits to widows, but only to those who are severely disabled. Plaintiff seems to be arguing that Congress was constitutionally obliged to go further and to extend benefits also to widows less severely disabled. We disagree. Congress need not remedy all phases of a social problem; it may move one step at a time, attacking first those aspects of the problem that it deems most urgent. See Dandridge v. Williams, 397 U.S. 471, 486–87, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970).

Finally, we note that the Fifth Circuit Court of Appeals recently considered and rejected the same constitutional argument that Mrs. Wokojance presses here. Sullivan v. Weinberger, 493 F.2d 855, 862–63 (5th Cir. 1974).

The judgment of the District Court is affirmed. No costs are taxed. Each party will bear his own costs.