**Florence K. GARLAND, Plaintiff,**

v.

**Patricia Roberts HARRIS, etc., Defendant.**

No. Civ-2-79-125.

United States District Court,
E. D. Tennessee,
Northeastern Division.

Nov. 7, 1980.

Rowland E. Verran, Johnson City, Tenn., for plaintiff.

Guy W. Blackwell, Asst. U. S. Atty., Greeneville, Tenn., for defendant.

## MEMORANDUM OPINION

NEESE, District Judge.

This is a judicial review of the final decision of the defendant-Secretary, terminating the entitlement of the plaintiff Mrs. Garland to a period of disability and to disability insurance benefits.[1] 42 U.S.C. § 405(g), 425. The defendant-Secretary approved her administrative law judge's finding, that the plaintiff had regained the capacity to perform her former work and was no longer disabled as of October, 1978. 20 C.F.R. § 404.1503(e). These findings are conclusive if supported by substantial evidence. *Wokojance v. Weinberger*, C.A. 6th (1975), 513 F.2d 210, 212[3], certiorari denied (1975), 423 U.S. 856, 96 S.Ct. 106, 46 L.Ed.2d 82.[2]

Mrs. Garland worked most recently for 2 years as a library-aide, which required her to sit and type library-and index-cards. She was not required to lift more than 2 books at a time or to bend or stoop.

The burden was on Mrs. Garland to have established her continuing disability. *Myers v. Richardson*, C.A. 6th (1972), 471 F.2d 1265, 1267[4]. If she could perform her usual work, then she did not establish a prima facie case of entitlement and was not entitled to disability insurance benefits. 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.-1503(e); *cf. Noe v. Weinberger*, C.A. 6th (1975), 512 F.2d 588, 595[1].

At the administrative hearing herein, Mrs. Garland complained of various problems with her back, kidneys, eyesight and feet. Dr. Sam W. Huddleston, an orthopedist and the plaintiff's treating physician since 1967, examined Mrs. Garland on 2 occasions in October, 1978. He concluded therefrom that she could sit for an 8-hour day, lift up to 10 lbs., carry up to 10 lbs. occasionally, use her hands for repetitive action without restraint, and use her feet for intermittent (but not repetitive) actions. He concluded that she could not do any jobs which require repetitive stooping, bending or lifting. Dr. Ralph E. Myers, a general

---

1. The plaintiff's initial application for such benefits, alleging a disability beginning in December, 1973, was approved on June 1, 1977.

2. "Substantial evidence" constitutes such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury. *Consolo v. Federal Maritime Com.* (1966), 383 U.S. 607, 619–620, 86 S.Ct. 1018, 1026, 16 L.Ed.2d 131, 140–141[9].

practitioner, examined the plaintiff and reported in March, 1980 that Mrs. Garland was precluded from pushing, shoving, lifting, or standing in one position for a long period of time.

There was substantial evidence that none of the other problems about which Mrs. Garland complained were disabling. There was no evidence that the plaintiff has been treated for problems with her kidneys since February, 1977. The results of a BUN test administered in March, 1978 were within normal limits. Dr. John M. Wilson, an opthalmologist, examined Mrs. Garland in February, 1980 and found her vision in both eyes correctable to 20/30. Although it was the opinion of Dr. Fred R. Knickerbocker, an orthopedist, that the plaintiff was capable in August, 1978 of less than a full range of sedentary work, the defendant-Secretary and her administrative law judge were entitled to give greater weight to the opinion of Mrs. Garland's treating physician. *See Allen v. Califano*, C.A. 6th (1980), 613 F.2d 139, 145[3].

The fact that Dr. Huddleston believed that the plaintiff's condition had not changed since the date on which Mrs. Garland was found disabled initially is not relevant to a determination of her condition as of October, 1978. The Secretary's original award of disability is not the subject of this review.

The pleadings and exhibits showing that the defendant-Secretary is entitled to a judgment as a matter of law, the defendant's motion for judgment on the pleadings hereby is GRANTED. Rule 12(c), Federal Rules of Civil Procedure. Judgment will enter, affirming the final decision herein of the defendant. Rule 58(1), Federal Rules of Civil Procedure.