Walter F. ROUSH, Plaintiff,

v.

Margaret M. HECKLER, Secretary of
Health and Human Services,
Defendant.

Civ. A. C-2-83-1440.

United States District Court,
S.D. Ohio, E.D.

Feb. 8, 1984.

Opinion and Order After
Remand Sept. 26, 1985.

Diane E. Hanson, Hanson & Ballam, Columbus, Ohio, for plaintiff.

Asst. U.S. Atty. Joseph E. Kane, Columbus, Ohio, for the U.S.

## OPINION AND ORDER

HOLSCHUH, District Judge.

Plaintiff Walter F. Roush brings this action under 42 U.S.C. § 405(g) for review of a final decision of the Secretary of Health and Human Services denying his application for social security disability insurance benefits. This matter is before the Court on plaintiff's motion for summary judgment. In her answer, the Secretary prays for judgment on the administrative record.

Plaintiff filed his first application for social security disability insurance benefits on April 17, 1979 alleging that he became disabled in April, 1973, at age 46, by a back injury. The application was denied administratively. Following a hearing, an administrative law judge issued a decision April 24, 1980 denying the application. On August 19, 1980 the Appeals Council denied plaintiff's request for review and adopted the administrative law judge's decision as the final decision of the Secretary of Health and Human Services.

On October 17, 1980 plaintiff filed a second application for social security disability insurance benefits, again alleging that he was disabled by a back injury. On December 1, 1980 the Social Security Administra-

tion issued an initial decision denying the application. Plaintiff did not seek reconsideration.

On October 19, 1981 plaintiff filed this, his third, application for social security disability insurance benefits alleging that he became disabled in April, 1973, at age 46, by back trouble. The application was denied initially and upon reconsideration. Plaintiff requested a *de novo* hearing before an administrative law judge. On November 17, 1982 plaintiff, represented by counsel, appeared and testified at the hearing. On March 8, 1983 the administrative law judge issued a decision finding that plaintiff was not disabled on or before December 31, 1980, the date plaintiff was last insured under the Act. 42 U.S.C. § 423(a)(1)(A). 20 C.F.R. § 404.115(b). On June 30, 1983 the Appeals Council denied plaintiff's request for review and adopted the administrative law judge's decision as the final decision of the Secretary of Health and Human Services.

Plaintiff Walter Roush was born June 25, 1926. He has a tenth grade education. For 20 years he worked as an assistant engineer on an Ohio river towboat. He repaired engines, mopped the deck, painted, and so forth. He last worked in 1973.

The medical facts of record are set out in the administrative law judge's March 8, 1983 decision which is incorporated herein by reference. The Court will not repeat those facts herein.

This Court's review of the decision of the Secretary is limited to a determination of whether his findings are supported by substantial evidence. 42 U.S.C. § 405(g). *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *LeMaster v. Weinberger,* 533 F.2d 337, 339 (6th Cir.1976). It is not the Court's function to resolve conflicts in the evidence or to determine issues of credibility. This is solely the province of the Secretary. *Wokojance v. Weinberger,* 513 F.2d 210 (6th Cir.1975). Pain alone may be disabling, but the Secretary is not required to fully credit a claimant's subjective complaints of pain and discomfort if there is not "an underlying medical basis" for them. *McCann v. Califano,* 621 F.2d 829, 832 (6th Cir.1980); *Hephner v. Mathews,* 574 F.2d 359, 361–362 (6th Cir.1978).

Plaintiff argues in his memorandum in support of his motion for summary judgment that (1) the administrative law judge erred in finding that his insured status expired December 31, 1980 because the Secretary's decision on his first application that he was insured "through at least December 31, 1982" is res judicata and/or collaterally estops the Secretary from asserting that his insurance expired at an earlier date and (2) the administrative law judge mechanically applied the age criteria in a borderline situation in violation of 20 C.F.R. § 404.1563(a).

Section 404.1563 provides that the Secretary will consider age as it "affects your ability to adapt to a new work situation and to do work in competition with others." Disability is not determined on the basis of age alone. Further, the Secretary "will not apply [her] age categories mechanically in a borderline situation." *Id.* See, Social Security Ruling 82–56, ¶ 14,356, CCH Unemployment Ins.Rptr. at pp. 2499–42 and 2499–43. The effect of a claimant's age is to be determined on an individual basis. *Broz v. Heckler,* 721 F.2d 1297 (11th Cir. 1983).

Here plaintiff was 54 years, six months old on December 31, 1980. Thus, he was classified as a person closely approaching advanced age, 20 C.F.R. § 404.1563(c), just six months short of advanced age. 20 C.F.R. § 404.1563(d). Since the Secretary found that he was capable of doing work having light exertional demands, the determination that he was a person closely approaching advanced age was outcome determinative of his claim, because under Rules 202.10 and 202.11, 20 C.F.R. Part 404, Subpart P, Appendix 2, Medical-Vocational Guidelines, he was not disabled whereas had he been considered a person of advanced age, he would have been disabled under Rules 202.01 and 202.02, Medical-Vocational Guidelines.

The Court concludes that this is a borderline situation where the administrative law judge should not have mechanically applied the age criteria of the Medical-Vocational Guidelines. Plaintiff had worked one job for a period of 20 years, and he was no longer physically capable of performing that job. Moreover, he had not been employed for seven years, eight months as of December 30, 1980. These factors have an obvious impact on his ability to adapt to a new work situation and to perform work in competition with others. Consequently, this case must be remanded to the Secretary for careful, express consideration of whether Mr. Roush should be considered a person of advanced age for purposes of applying the Medical-Vocational Guidelines.

WHEREUPON, the Court HOLDS that plaintiff's motion for summary judgment is meritorious insofar as it seeks remand to the Secretary for further consideration of his application in light of the Medical-Vocational Guidelines; and, therefore, it is GRANTED to that extent.

This action is hereby REMANDED to the Secretary of Health and Human Services for further consideration of whether plaintiff should be treated as a person closely approaching advanced age or a person of advanced age on or before December 31, 1980.

## OPINION AND ORDER
## AFTER REMAND

Plaintiff Walter F. Roush brings this action under 42 U.S.C. § 405(g) for review of a final decision of the Secretary of Health and Human Services denying his application for social security disability insurance benefits. This matter is before the Court on plaintiff's motion for summary judgment. The Secretary has failed to file a motion for summary judgment as required by the Court's April 2, 1985 Order.

Plaintiff filed his current application for social security disability insurance benefits on October 19, 1981 alleging that he became disabled in April 1973, at age 46, by back trouble. The application was denied administratively by the Secretary. Plaintiff then filed this suit. On February 8, 1984 the Court issued an Opinion and Order remanding the case to the Secretary for further consideration of whether Rules 202.01 and 202.02 of the Medical-Vocational Guidelines should have been applied rather than Rules 202.10 and 202.11. On July 10, 1984 the administrative law judge issued a recommended decision finding that plaintiff is not disabled. On November 14, 1984 the Appeals Council issued a final decision of the Secretary of Health and Human Services denying plaintiff's application for disability insurance benefits.

Plaintiff Walter F. Roush was born June 25, 1926. He has a tenth grade education. For 20 years he worked as an assistant engineer on an Ohio River towboat. He repaired engines, mopped the deck, painted, and so forth. He last worked in 1973.

The Secretary has determined that plaintiff was last insured under the Act on December 31, 1980. See, 42 U.S.C. § 423(a)(1)(A). 20 C.F.R. § 404.115(b). To be entitled to disability insurance benefits, plaintiff must prove that he was disabled on or before December 31, 1980.

Plaintiff was 54 years, six months old on December 31, 1980. The Secretary has determined that he has the residual functional capacity to perform work having light exertional demands. Claimants aged 50 to 54 who have no prior work experience or who have prior unskilled or skilled with no transferrable skills and a limited education are not disabled under Rules 202.10 and 202.11, Medical-Vocational Guidelines. However, persons aged 55 and more with the same characteristics are disabled under Rules 202.01 and 202.02, Medical-Vocational Guidelines.

Section 404.1563 of Title 20 of the Code of Federal Regulations provides that the Secretary will consider age as it "affects your ability to adapt to a new work situation and to do work in competition with others." Disability is not determined on the basis of age alone. Further, the Secretary "will not apply [her] age categories

mechanically in a borderline situation." *Id.* See, Social Security Ruling 82–56, ¶ 14,356, CCH UNEMPLOYMENT INS.RPTR. at pp. 2499–42 and 2499–43. The effect of a claimant's age is to be determined on an individual basis. *Broz v. Schweiker,* 677 F.2d 1351 (11th Cir.1982), *vacated and remanded sub nom., Heckler v. Broz,* 461 U.S. 952, 103 S.Ct. 2421, 77 L.Ed.2d 1311, *adhered* to, 711 F.2d 957, *modified,* 721 F.2d 1297 (11th Cir.1983), *modified,* 725 F.2d 1280 (11th Cir.1984). If the claimant's ability to adapt is less than a level established under the grids, then the Secretary cannot rely upon the age factors under the grid and must look at other evidence to determine the claimant' ability to adapt. *Reeves v. Heckler,* 734 F.2d 519, 525 (11th Cir.1984).

On remand, the Secretary did not hold a new evidentiary hearing and did not seek out additional vocational evidence. Plaintiff submitted interrogatories answered by a vocational expert who stated that plaintiff's ability to adapt to a new work environment was that of a person aged 55 to 59 with similar education, residual functional capacity, and previous work experience with no transferrable skills.

██ *Substantial evidence.* Under the provisions of 42 U.S.C. § 405(g), "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive...." Substantial evidence is " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion' " *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971) (quoting *Consolidated Edison Company v. NLRB,* 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126 (1938)). It is " 'more than a mere scintilla.' " *Id.* *LeMaster v. Weinberger,* 533 F.2d 337, 339 (6th Cir.1976). The Secretary's findings of fact must be based upon the record as a whole. *Harris v. Heckler,* 756 F.2d 431 (6th Cir.1985); *Houston v. Secretary,* 736 F.2d 365, 366 (6th Cir.1984); *Fraley v. Secretary,* 733 F.2d 437, 439–440 (6th Cir. 1984). In determining whether the Secretary's decision is supported by substantial evidence, the Court must " 'take into account whatever in the record fairly detracts from its weight.' " *Beavers v. Secretary of Health, Education and Welfare,* 577 F.2d 383, 387 (6th Cir.1978) (quoting *Universal Camera Corp. v. NLRB,* 340 U.S. 474, 488, 71 S.Ct. 456, 464, 95 L.Ed. 456 (1951)); *Wages v. Secretry of Health and Human Services,* 755 F.2d 495 (6th Cir. 1985).

The Court HOLDS that there is not substantial evidence in the record supporting the Secretary's determination. Plaintiff offered uncontroverted vocational evidence that plaintiff's adaptability was that of a person aged 55 to 59. Consequently, the Secretary should have applied Rules 202.01 and 202.02, Medical-Vocational Guidelines. Those rules direct a finding of disability.

WHEREUPON, the Court HOLDS that plaintiff's motion for summary judgment is meritorious; and, therefore, it is GRANTED.

The decision of the Secretary of Health and Human Services is REVERSED. This action is REMANDED to the Secretary of Health and Human Services with directions to award plaintiff Walter F. Roush social security disability insurance benefits.