785 F.2d 308
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ROBERT J. JACKSON, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 85-3006
 United States Court of Appeals, Sixth Circuit.
 1/7/86
 
 BEFORE: JONES and WELLFORD, Circuit Judges; and PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 This is an appeal from a denial of appellant Robert Jackson's application for social security disability benefits. In denying benefits, the Secretary adopted the findings and conclusions of the administrative law judge ('ALJ') that Jackson had a severe impairment but was still able to perform his relevant past work. We find that the ALJ's conclusion that Jackson could perform past work is not supported by substantial evidence and, accordingly, reverse and remand to the Secretary for further action.
 
 
 2
 Jackson was born on May 25, 1930. He testified that he has a seventh grade education, can read a little, and can write. From 1967 through April, 1982, he worked for National Acme Company in Cleveland, seriatim as a tractor driver and crater, a time clerk assistant, and a laborer. These last two jobs were assigned to Jackson because, he said, they required progressively less physical labor. In April, 1982, he was discharged as being medically unable to perform his job.
 
 
 3
 Jackson has been treated since at least 1971 for back pain and lower spine disc degeneration. His right leg is congenitially shorter than the left with some atrophy of the muscles on the right side. He has complained variously of back, arm and leg pain with burning, headaches, dizziness, neck pain and stiffness, and chest pains.
 
 
 4
 He filed an application for disability benefits in June of 1982. The claim was denied initially and on reconsideration. A hearing was held on February 18, 1983 before an administrative law judge who found Jackson not disabled within the meaning of the Act. Review was denied by the Appeals Council, which adopted the ALJ's opinion as the decision of the Secretary. The district court affirmed the Secretary's decision on a motion for summary judgment. This appeal followed.
 
 
 5
 The ALJ reviewed numerous medical reports submitted by Jackson and heard Jackson's testimony. The ALJ found that (1) Jackson had not worked since April, 1982; (2) that he had a severe impairment, to wit: 'severe cervical stenosis [narrowing of the spinal canal in the neck] with possible disc herniation; lumbar stenosis [narrowing of the spinal canal in the lower back]; and mild congenital hemiatrophy of the right leg [wasting of tissues on one side of the leg]'; (3) that the impairment did not meet those listed as conclusively disabling in Appendix 1 of 20 C.F.R. Pt. 404, Subpt. P; (4) that Jackson's subjective symptoms were 'not supported by objective medical signs and findings'; and (5) that Jackson was capable of performing his past work as a time clerk. Jackson challenges the last three of these findings.
 
 
 6
 Our review of the Secretary's, or, in this case, the ALJ's, decision is limited to whether there exists substantial evidence on the record, as a whole, to support findings that the claimant is not disabled. Substantial evidence means 'more than a mere scintilla' or 'such relevant evidence as a responsible mind might accept as adequate to support a conclusion.' Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting, Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). 'The substantiability of the evidence must take into account whatever in the record fairly detracts from its weight.' Beavers v. Secretary of H.E.W., 577 F.2d 383, 387 (6th Cir. 1978). 'It is for the Secretary to resolve conflicts in the evidence and to decide questions of credibility.' Wokojance v. Weinberger, 513 F.2d 210, 212 (6th Cir.), cert. denied, 423 U.S. 856 (1975).
 
 
 7
 Jackson first challenges the ALJ's finding that his impairment does not meet or equal those listed in Appendix 1, 20 C.F.R. Pt. 404, Subpt. P. If an impairment is included in this listing and meets the criteria set forth in it, then a disability is established without reference to other factors. 20 C.F.R. Sec. 404.1520(d) (1985). Section 1.05(C) of this appendix provides:
 
 1.05 Disorders of the spine:
 
 8
 C. Other vertebrogenic disorders (e.g., herniated nucleus pulposus, spinal stenosis) with the following persisting for at least 3 months despite prescribed therapy and expected to last 12 months. With both 1 and 2:
 
 
 9
 1. Pain, muscle spasm, and significant limitation of motion in the spine; and
 
 
 10
 2. Appropriate radicular distribution of significant motor loss with muscle weakness and sensory and reflex loss.
 
 
 11
 In his challenge, Jackson points to the reports of doctors who had noted the symptoms listed in section 1.05(C)(1) & (2). Viewed alone, these reports would likely support a finding by the ALJ that the Section 1.05(C) requirements were met. However, the question is whether the opposite conclusion is supported by the record as a whole. Two doctors noted no limitation in motion. This evidence provides more than the scintilla necessary to support the ALJ's conclusion that the section 1.05(C) elements did not exist, or at least, did not meet the durational requirement.
 
 B.
 
 12
 Jackson next assails the finding that Jackson's subjective complaints that he is unable to engage in basic work activity are unsupported by the evidence. Jackson testified that he can stand for only ten minutes without pain, sitting causes lower back pressure, he feels pain after walking 100 yards, he requires a railing to climb stairs, and he cannot lift ten pounds without pain. He also stated, in response to a question from the ALJ, that he could not perform a job that involved sitting most of the day and lifting less than ten pounds. The ALJ found, on the other hand, that Jackson can perform work that does not involve standing or walking over four hours or lifting over 25 pounds.
 
 
 13
 The 1984 amendment to the Social Security Act has established a statutory standard for evaluations of subjective complaints of pain. 42 U.S.C.A. Sec. 423(d)(5)(A) (West Supp. 1985), as amended, provides, in relevant part:
 
 
 14
 An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability as defined in this section; there must be medical signs and findings, established by medically accepted clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological, or psychological abnormalities which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all evidence required to be furnished under this paragraph (including statements of the individual or his physician as to the intensity and persistence of such pain or other symptoms which may reasonably be accepted as consistent with the medical signs and findings), would lead to a conclusion that the individual is under a disability. Objective medical evidence of pain or other symptoms established by medically acceptable clinical or laboratory techniques (for example, deteriorating nerve or muscle tissue) must be considered in reaching a conclusion as to whether the individual is under a disability.
 
 
 15
 There is no question that a medical impairment which causes pain has been established here; the ALJ has specifically found this. The issue is whether the degree of pain alleged by Jackson can 'reasonably be expected' to be produced by this impairment. Where, as here, no live testimony by medical witnesses is presented, the ALJ and this court can only rely on medical records and reports of physicians and the inferences that can be drawn therefrom, even though those reports may not actually be directed at the question of how much pain the patient can reasonably be expected to suffer.
 
 
 16
 Here, most of the physicians' statements do not provide such inferences. The most helpful report is from Jackson's treating physcian, Dr. Nemunaitis, who, at the request of Jackson's counsel, completed a form to indicate his estimate of Jackson's ability to do work related activity. In a cover letter to this form, the doctor stated that 'for multiple reasons, . . . this man is totally disabled.' Nonetheless, the form indicated the following evaluations:
 
 Sitting: Limited 2-3 hours
 
 17
 Lifting: Limited--25 lbs.
 
 Carrying: Limited as above
 
 18
 Standing: Limited 3-4 hours [with] rest in between
 
 
 19
 Walking: Limited 1 hr.
 
 
 20
 Bending: Limited--Should not frequently bend
 
 
 21
 Pushing and/or Pulling: Limited--25 lbs.
 
 
 22
 In light of these evaluations, from a doctor who asserts that Jackson is totally disabled, the ALJ had substantial evidence before him to conclude that Jackson's assessment of his limitations was exaggerated.
 
 C.
 
 23
 Finally, Jackson claims the ALJ erred in finding that Jackson could still perform his past work as a time clerk. This involves two findings: one, of the requirements of that work and, two, of Jackson's ability to meet those requirements.
 
 
 24
 The ALJ stated that the description of the time clerk job:
 
 
 25
 falls between descriptions of sedentary and light work in 20 CFR 404.1567. ('Sedentary work' is performed primarily while seated with lifting up to 10 pounds, whereas 'light work' may involve significant walking and standing but lifting of no more than 20 pounds).
 
 
 26
 The only evidence of the scope of the duties of the time clerk job came from Jackson. On his claim form he indicated that the job required 'a lot of walking', daily lifting of cases weighing 20-50 pounds and twice daily lifting and carrying of boxes less than 10 pounds, as well as occasional bending and reaching. Jackson circled figures on this form indicating 4 hours sitting, 2 hours standing and 2 hours walking in a typical work day. At the hearing Jackson testified that he did most of the lifting of cards and stationery because he could not do the math calculations, which were performed by a co-worker. At the end of the hearing he said that the job was:
 
 
 27
 all ups and downs stairways, and lots of walking, and checking each clock, and lifting a lot of cards, up to 50 pounds, of gross of cards . . ..
 
 
 28
 The ALJ's evaluation of this past work is not consistent with Jackson's description, especially as regards the amount of weight lifted. Although the ALJ need not believe Jackson, he had no other evidence and had no basis for making a determination of the scope of this work other than from Jackson's testimony. Therefore, there is not substantial evidence to support the ALJ's determination that the timekeeper job was 'light' to 'sedentary' work.
 
 
 29
 If Jackson's description of the job is accepted, the ALJ's finding regarding Jackson's work capacity precludes a finding of an ability to perform this job. The ALJ stated that Jackson could not lift over 25 pounds, and Jackson claims the work requires daily lifting of up to 50 pounds. Therefore, the finding of an ability to do past relevant work is unsupported.
 
 D.
 
 30
 If the ALJ had found, as he should have, that Jackson had a severe impairment and was unable to perform his past work, he would have been required to proceed to determine whether, in light of his age, education, work experience and capacity, Jackson is disabled. This involves application of the 'grid' in 20 C.F.R. Pt. 404, Subpt. P, App. 2. We order a remand to the Secretary for a completion of this process. In doing so we note that the record appears to indicate that Jackson has a seventh grade, or 'limited' education and that his past work experience is in unskilled labor. Further, the ALJ has stated that Jackson has a residual capacity to stand and walk for no more than four hours and lift no more than 25 pounds. This capacity would seem to fit within the Secretary's definition of 'light work.' 20 C.F.R. Sec. 404.1567(b) (1985). Finally, although Jackson was fifty-two at the time of the hearing, he reached age fifty-five on May 25 of this year. This would put him in the Secretary's category of 'advanced age' as of that date.
 
 
 31
 The judgment of the court below is REVERSED with respect to the Secretary's finding that Jackson can perform relevant past work. The case is REMANDED for further proceedings consistent with this opinion.