798 F.2d 1414
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jerry GWYN, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 85-3098.
 United States Court of Appeals,
Sixth Circuit.
 July 3, 1986.
 
 Before MARTIN, KRUPANSKY and GUY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Jerry Gwyn seeks judicial review of an adverse decision by the Secretary of Health and Human Services on his claim for disability insurance benefits pursuant to 42 U.S.C. Secs. 416(i), 423, On June 17, 1981, Gwyn applied for disability insurance benefits based on an accidental gunshot wound in his lower left abdomen; the application was administratively denied. Following an oral hearing, an administrative law judge considered the case de novo and also denied the application. He specifically found that Gwyn's "non-exertional impairments, including his emotional problems, do not significantly affect his capacity for sedentary work." The administrative law judge then determined that considering Gwyn's residual functional capacity, age, education, and work experience, 20 C.F.R. 404.1569 and Rule 201.27 of Table No. 1, Appendix 2, Regulations No. 4, Subpart P indicate that Gwyn is not disabled. His decision became the final decision of the Secretary when the Appeals Council adopted it on September 20, 1982. On appeal, the district court affirmed. Gwyn now claims that the conclusions of the Secretary and the district court regarding the severity of his nonexertional limitations are "in the realm of speculation and reversible error under Walston v. Gardner, 381 F.2d 580, 585 (6th Cir.1967).
 
 
 2
 At the hearing before the administrative law judge, Gwyn testified that he was born in 1950, graduated from high school, and worked as a truck driver for eight years prior to his gunshot wound. Gwyn stated that he shot himself while cleaning a .38 revolver on April 26, 1981. At the hearing, Gwyn testified that he suffered from many problems, including headaches, anxiety, difficulty concentrating, dizziness, paranoia, depression, tremors, and pain in the abdomen. Upon the recommendation of his psychologist Dr. Walter W. Lippert, Gwyn attended a nine-month heating and air conditioning course. He attended the course regularly for five hours a day and drove himself to the school.
 
 
 3
 The administrative law judge considered much testimony concerning Gwyn's nonexertional limitations. In reports dated October 2, 1981, and October 21, 1981, Dr. Lippert stated that he had been seeing Gwyn for three months for psychotherapy. He diagnosed Gwyn as having schizophrenic reaction, paranoid type. He also stated:
 
 
 4
 As a result of a gunshot wound, the man has suffered severe anxiety to the point of being immobilized. He has been making progress with psychotherapy and the prognosis is good. At this time it is understood to qualify for social security disability insurance benefits there must be the statement that he will not be able to work for another seven months, etc. At this time I do feel he is making progress, but there is a definite possibility that he will not be able to return to work within the next year.
 
 
 5
 The psychiatrist Dr. Hooshang Khalily, in a letter dated February 11, 1982, stated that he had treated Gwyn from September, 1977, until December, 1977. Just before the shooting incident, Gwyn's doctor suggested he return to Khalily. Khalily concluded that Gwyn "had his original symptoms, to the extent that I felt he needed hospitalization." On Januay 25 and 27, 1982, Dr. George E. Parsons, an occupational psychologist, examined Gwyn at the request of his attorney. The purpose of the exam was to determine Gwyn's residual functional capacity to perform sustained employment. Dr. Parsons concluded that:
 
 
 6
 Assuming that Mr. Gwyn's physical injuries prevent him from doing repetitive bending, stooping, or lifting of ten pounds and that his psychological problems result in depressions and disorientation, it would certainly preclude him from returning to his previous employment. The question of total vocational disability rests with Mr. Gwyn's psychiatric condition, which has gradually increased in severity since his gunshot wound and limits him in the speed in which he can accomplish tasks as well as his ability to concentrate, making him unable to engage in gainful employment.
 
 
 7
 The standard for appellate review of a denial of Social Security benefits is whether the Secretary's decision is supported by substantial evidence. 42 U.S.C. Sec. 405(g) (1982); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir.1984). If the findings of the Secretary are supported by substantial evidence, the Court is bound by these findings. Ross v. Richardson 440 F.2d 690, 691 (6th Cir.1971). Substantial evidence " 'means such relevant evidence as a reasonable mind might accept to support a conclusion.' " Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolicated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938) ). It must be "more than a mere scintilla." Lashley v. Secretary of Health & Human Services, 708 F.2d 1048, 1053 (6th Cir.1983). The Secretary is to resolve conflicts in the evidence and decide questions of credibility. Wokojance v. Weinberger, 513 F.2d 210, 212 (6th Cir.), cert. denied, 423 U.S. 856 (1975).
 
 
 8
 Dr. Lippert, who had been seeing Gwyn for three months, stated six months after the gunshot wound that Gwyn "has been making progress with psychotherapy and the prognosis is good." Dr. Parsons, on the other hand, concluded after two visits that Gwyn's problems had increased in severity since the accident. The Secretary within his proper discretion found Parson's report and conclusions "self-serving." The Secretary also considered the fact that Gwyn had been attending school regularly in concluding that his nonexertional impairments would not significantly affect his capacity for sedentary work. We find substantial evidence in the record to support the Secretary's conclusion concerning Gwyn's nonexertional impairments. Applying 20 C.F.R. 404.1569 and Rule 201.27 of Table No. 1, Appendix 2, Regulations No. 4, Subpart P, the Secretary properly found that Gwyn was not disabled.
 
 
 9
 Judgment affirmed.