811 F.2d 603
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Travis BOYETT, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 85-3884.
 United States Court of Appeals, Sixth Circuit.
 Dec. 10, 1986.
 
 Before LIVELY, Chief Judge, and WEICK and CONTIE, Senior Circuit Judges.
 PER CURIAM.
 
 
 1
 Travis Boyett appeals from the judgment of the magistrate affirming the Secretary's denial of disability benefits. For the reasons that follow, we affirm.
 
 I.
 
 2
 Appellant Boyett filed an application for disability insurance benefits on July 13, 1983. Appellant alleged he became unable to work on June 3, 1983, at age 48. The disabling condition set forth in his application was that he had bleeding intestines. The application was denied initially by the Secretary and also upon reconsideration. On May 30, 1984, the Administrative Law Judge ("ALJ") decided the appellant was not under a disability. The Appeals Council denied appellant's request for review on September 11, 1984.
 
 
 3
 After denial by the Appeals Council the appellant filed a complaint in the United States District Court for the Northern District of Ohio, Eastern Division. By agreement of both parties pursuant to 28 U.S.C. Sec. 636(c), the United States Magistrate was given authority to decide the case. On September 25, 1985, the magistrate affirmed the Secretary's findings. This decision is being appealed directly to this court.
 
 
 4
 Appellant was born on August 19, 1934. He is currently 52 years of age and was 48 years of age on June 3, 1983, the day he alleged he became disabled. He has 30 years of past relevant work experience as an iron worker in the construction industry.
 
 
 5
 Mr. Boyett was admitted to Akron City Hospital on June 5, 1983, with complaints of epigastric discomfort, episodes of vomiting and bloody stools. Testing showed the presence of submucosal hemorrhages in the appellant's duodenum. The final diagnosis was Henoch-Schonlein purpura (rash), massive gastro intestinal involvement and chronic Reiter's syndrome.
 
 
 6
 On April 19, 1984, appellant's physician Dr. Raymond S. Federman, notified appellant's counsel that the diagnosis of Reiter's syndrome had been established on December 8, 1977. He stated that the condition is usually just a self-limiting one but in this case it was chronic. The syndrome is characterized by muscle and joint stiffness with resultant loss of functional capacity. Because appellant was allergic to certain medications the doctor noted it was hard to control the disease, and as a result the symptoms flared. Therefore Dr. Federman felt that appellant was not suitable for any type of physical activity other than the normal activity of daily living.
 
 
 7
 The Bureau of Disability Determination requested an examination of the appellant in October of 1983. The physician, Dr. Kazmierski, found no evidence of effusion erythema or warmth in any joint. The claimant walked with a normal gait with no ambulatory aids. There was no joint tenderness noted except for the left Achilles tendon and dorsum of the left foot. Range of motion throughout the body except the left ankle approached normal. Dr. Kazmierski's diagnosis was arthritis, possible Reiter's syndrome, and gastro intestinal bleeding, probably induced by Indomethacin.
 
 
 8
 Appellant testified to the following at the hearing before the ALJ. Appellant stated that he can bathe and dress himself. He is unable to do yard work but can run the vacuum cleaner and wash dishes. Appellant claimed that he cannot drive because it causes too much pain; but his physician has not told him not to drive. Appellant complained of pain in his back, and in all his joints including his ankles, wrist and elbows. Appellant claimed that in June of 1983, he could stand for four hours but by July he could only stand for 15 minutes without being propped up. He could also sit for a couple hours in June of 1983 but by July he could only sit for 15 minutes without being in pain. Appellant also stated that he can lift a gallon of milk and could probably lift 20 pounds.
 
 II.
 
 9
 Our review is limited to determining whether substantial evidence supports the Secretary's decision. Wages v. Secretary of Health and Human Services, 755 F.2d 495, 497 (6th Cir.1985). Pursuant to 42 U.S.C. Sec. 405(g), the Secretary's factual findings are conclusive if supported by substantial evidence. Substantial evidence is defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It is more than a scintilla but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401 (1971).
 
 
 10
 In determining if the claimant is disabled the ALJ must proceed through a five step process. First, if an individual is working and engaged in substantial gainful activity the individual will not be found to be disabled. (20 C.F.R. 404.1520(b)). Second, an individual who does not have a severe impairment will not be found to be disabled. (20 C.F.R. 404.1520(c)). Third, if an individual is not working and is suffering from a severe impairment which meets the duration requirement and which meets or equals a listed impairment in Appendix 1 of Subpart P of Regulation No. 4, a finding of disabled will be made without consideration of vocational factors. (20 C.F.R. 404.1520(d)). Fourth, if an individual is capable of performing work he or she has done in the past, a finding of not disabled must be made. (20 C.F.R. 404.1520(e)). Fifth, if an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience and residual functional capacity must be considered to determine if other work can be performed. (20 C.F.R. 404.1520(e)).
 
 
 11
 The ALJ's report concluded that appellant had Reiter's syndrome and that it was a severe impairment. Although it was severe it was not one listed or equal to one listed in Appendix 1, 20 C.F.R. Sec. 404, Subpart P, Regulation No. 4. The ALJ also found that because of his severe impairment he could not do his past relevant work as an iron worker. However, the ALJ did find that the appellant was capable of doing medium work as defined by 20 C.F.R. 404.1567(c). (Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds). Therefore the ALJ determined that the appellant was not disabled.
 
 
 12
 Appellant claims he is not able to do medium work. For support, he relies on (1) Dr. Federman's note stating that appellant can only manage activities of daily living, and (2) his own allegations of disabling pain. He argues that the ALJ erred in discrediting his complaints of pain. Appellant also alleges that merely because he is able to put jigsaw puzzles together, do household chores, fish and hunt, and go for a drive, does not mean that he is capable of performing medium work.
 
 
 13
 Credibility determinations rest exclusively with the Secretary. Wokojance v. Weinberger, 513 F.2d 210, 212 (6th Cir.), cert. denied, 423 U.S. 856 (1975). The Secretary had ample evidence to doubt the claimant. The appellant states that in June of 1983 he could stand or sit for a couple of hours at a time. By July 1983 when he was hospitalized he said that he could not stand for more than 15 minutes without being propped up. He also stated he could not sit for more than 15 minutes without being in severe pain. However, he also stated that he went deer hunting four times in December of 1983, and went fishing around the same time. In both instances he either went fishing or hunting for the whole afternoon. This testimony surely contradicts the statement that he can only sit or stand for 15 minutes. Accordingly, we believe there is substantial evidence to support the ALJ's rejection of appellant's claim of disabling pain.
 
 
 14
 We next consider appellant's claim that the treating physician's report was not given appropriate weight. The report of a treating physician is to be given greater weight than the reports of physicians who are paid by the government to defend disability claims. Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 536 (6th Cir.1981), cert. denied, 461 U.S. 957 (1983); Allen v. Califano, 613 F.2d 138, 145 (6th Cir.1980). Notwithstanding, expert medical opinions are not conclusive of the ultimate fact of disability and are not binding on the Secretary. LeMaster v. Weinberger, 533 F.2d 337, 340 (6th Cir.1976). In addition, when the record contains inconsistent or conflicting medical opinions, it is the ALJ's responsibility to weigh these opinions. Floyd v. Finch, 441 F.2d 73, 76 (6th Cir.1971). The final determination of disability rests with the Secretary not the treating physician. Harris v. Heckler, 756 F.2d 431, 435 (6th Cir.1985).
 
 
 15
 In the case before the court today, there is conflicting medical evidence. Dr. Federman, the treating physician, in a letter to plaintiff's counsel, states that he recommends plaintiff be adjudged totally permanently disabled. In the same letter, Dr. Federman states that because the patient is allergic to the anti-inflammatory medicine necessary to treat Reiter's syndrome, he cannot control the problem. Dr. Federman also states that because of these allergic reactions there would be flare-ups and as a result strict limitations on the degree of physical activity and duration of work time would need to be specified prior to accepting any job position.
 
 
 16
 As the magistrate found, Dr. Federman's statements are equivocal. On the one hand Dr. Federman states that the appellant is totally permanently disabled, on the other he states that appellant can only accept a job with strict limitations on physical activity.
 
 
 17
 The examination by Dr. Federman was performed on June 3, 1983. Dr. David C. Kazmierski examined the appellant as requested by the Secretary on October 18, 1983. As stated previously, Dr. Kazmierski found no evidence of effusion, erythema or warmth in any joint. The appellant walked with a normal gait and with no ambulatory aids. Dr. Kazmierski found the plaintiff to have a good grip and normal muscle tone in his lower extremities.
 
 
 18
 In conclusion, we find that the entire record was thoroughly examined by the ALJ. The ALJ did find the appellant's Reiter's sundrome to be a severe impairment and that he could not return to his former work. But just because he is unable to do the work required of his former job does not mean he cannot perform less strenuous work. The Secretary did discredit the appellant's testimony, but this was a valid exercise of his authority. In our opinion, there is substantial evidence to support the Secretary's decision that the plaintiff, although he has some physical limitations, is capable of doing medium work as defined by 20 C.F.R. 404.1567(c).
 
 
 19
 Accordingly, the judgment is AFFIRMED.