904 F.2d 36
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Rubert L. SWIFT, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 89-5724.
 United States Court of Appeals, Sixth Circuit.
 May 30, 1990.
 
 Before MERRITT, Chief Judge, KRUPANSKY, Circuit Judge, and JOHN W. PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Claimant Rubert Smith appeals from the denial of social security disability insurance benefits. His claim was denied initially and on reconsideration. He requested a hearing before an administrative law judge (ALJ) who ruled adversely to him. The Appeals Council declined to review the ALJ's decision. The district court granted summary judgment for the Secretary and Claimant appealed. Claimant asserts that he has been disabled since July 1985. However, under the doctrine of res judicata, a previous determination that Claimant was not disabled is final and binding through its issuance date of March 10, 1986. Thus, this appeal addresses the question of whether Claimant was disabled subsequently. For reasons stated below, we affirm the decision of the district court.
 
 
 2
 At the time of the administrative hearing, Claimant was forty-seven years old with a tenth grade education. He had worked as a warehouseman. He has a long history of back problems. He had a disc removed in 1970 and a spinal fusion in 1972. He also had two ganglia removed from his right wrist. Claimant's present complaints include severe back and neck pain, numbness and tingling in both hands, severe headaches, and digestive complaints.
 
 
 3
 An X-ray taken in April 1984 showed postoperative changes in the lumbar spine and a normal cervical spine. In May 1984, a CT scan showed moderate facet hypertrophy and a mild midline disc bulge, but no disc herniation. In September 1985, Dr. Marilyn Foreman examined Claimant and found restricted range of motion in the lumbar spine. She diagnosed post-traumatic lumbar degenerative disc disease and possible mild cervical spine degenerative joint disease. In August 1985, Claimant's physician, Dr. Raymond Shea, diagnosed degenerative disc disease. In January 1986, Dr. Shea noted that Claimant had a 50% loss of the normal range of motion in his back and that he was unable to do any heavy lifting or bending. In September 1986, Dr. Shea opined that Claimant was totally and permanently disabled due to osteoarthritis of the back, the spinal fusion, and ganglion of the wrist. In making this determination, Dr. Shea relied on the previous X-ray and CT scan and a bone scan done in May 1986 that showed mild uptakes in the left rib cage, left knee, and left ischium. In April 1987, Dr. Shea wrote a letter stating that Claimant's condition was unchanged. In a deposition taken in September 1987, Dr. Shea stated that Claimant should not lift more than twenty-five pounds on an occasional basis and fifteen pounds on a frequent basis. He also stated that long periods of sitting or standing would affect Claimant's back. Additionally, Claimant was evaluated by two vocational experts who concluded that he could not work due to severe and distracting pain.
 
 
 4
 Our review is limited to whether the Secretary's decision is supported by substantial evidence. 42 U.S.C. Sec. 405(g). Claimant argues that the record supports his contention that he is disabled. He complains that proper consideration was not given to his testimony or the opinions of Dr. Shea and the vocational experts. We cannot agree.
 
 
 5
 The ALJ may reject the determinations of the treating physician when good reasons are articulated for not accepting them. Hall v. Bowen, 837 F.2d 272, 276 (6th Cir.1988); King v. Heckler, 742 F.2d 968, 973 (6th Cir.1984). In the present case, the ALJ found that Dr. Shea's opinion was internally inconsistent as well as inconsistent with the other medical evidence. In January 1986, Dr. Shea stated that Claimant should not do any heavy lifting or bending. In September 1986, without significant change in the medical record, Dr. Shea opined that Claimant was totally and permanently disabled. In September 1987, Dr. Shea stated that Claimant could lift fifteen to twenty-five pounds. It is the duty of the ALJ to weigh and resolve conflicts in the medical evidence. Wokojance v. Weinberger, 513 F.2d 210, 212 (6th Cir.), cert. denied, 423 U.S. 856 (1975). The ALJ found Dr. Shea's statements restricting Claimant to light work to be more consistent with the objective medical evidence. The X-rays, CT scans, and bone scan confirm that Claimant has a back impairment, but fail to support a determination of total and permanent disability.
 
 
 6
 Claimant also asserts that the ALJ had no basis for rejecting his subjective complaints of pain. The test for evaluating subjective complaints of pain requires medical evidence of an underlying condition and objective medical evidence confirming the severity of the alleged pain arising from the condition, or an objectively established medical condition of the severity that could reasonably be expected to produce the alleged disabling pain. Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir.1986). In the present case, the evidence does not show Claimant's condition to be severe enough to cause disabling pain. Furthermore, a determination of disability based on pain depends largely on the Claimant's credibility. Villarreal v. Secretary of Health and Human Services, 818 F.2d 461, 463 (6th Cir.1987). The ALJ determined that Claimant's allegations of severe pain lacked credibility. Because the ALJ had the opportunity to observe Claimant's demeanor, his findings with respect to credibility should be afforded deference. Hardaway v. Secretary of Health and Human Services, 823 F.2d 922, 928 (6th Cir.1987). It is the function of the Secretary to pass on the credibility of witnesses. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir.1987), cert. denied, 484 U.S. 1075 (1988).
 
 
 7
 Finally, Claimant asserts that the ALJ ignored the opinion of the vocational experts who found Claimant unable to work. In his decision, the ALJ noted that the vocational experts based their conclusion on Claimant's allegation of severe pain, which the ALJ found to be lacking in credibility and unsupported by the evidence. Thus, the rejection of the vocational experts' opinion was proper.
 
 
 8
 Based on the foregoing, we conclude that there is substantial evidence supporting the Secretary's decision that Claimant is not disabled. Accordingly, the decision of the district court is AFFIRMED.