945 F.2d 404
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Curtis HAYES, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 91-3142.
 United States Court of Appeals, Sixth Circuit.
 Sept. 30, 1991.
 
 Before BOYCE F. MARTIN JR. and NATHANIEL R. JONES, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Curtis Hayes appeals the denial of his application for supplemental security income benefits by the Secretary of Health and Human Services. For the reasons set forth below, we affirm.
 
 
 2
 Hayes filed the disputed application for benefits in 1986. At that time he suffered from obesity, diabetes, and persistent problems relating to the amputation of two-thirds of his right foot many years earlier. The Secretary found that Hayes was capable of a full range of sedentary work, even though he had become unable to perform his prior work as an assistant manager in a restaurant. This finding rendered a categorization of "disabled" inappropriate under the medical-vocational guidelines of Rule 201.28 of 20 C.F.R., Part 404, Subpart P, Appendix 2. After exhausting the agency process, Hayes brought suit in federal district court which was dismissed on a motion for summary judgment.
 
 
 3
 On appeal, Hayes argues that substantial evidence proves that the effects of Hayes's combination of impairments are equivalent to a "listed" impairment, under 10.10(a) of 20 C.F.R., Part 404, Subpart P, Appendix 1, or that at least this should be evaluated on remand. Hayes also argues that, given his non-exertional limitations, substantial evidence does not support the Secretary's finding that Hayes can perform a full range of sedentary work.
 
 
 4
 The starting point for our analysis is the appropriate standard for review. Under 42 U.S.C. § 405(g), "When supported by substantial evidence, the findings of the Secretary are conclusive, and a decision denying benefits cannot be overturned." Id. See also Houston v. Secretary of Health and Human Services, 736 F.2d 365, 366 (6th Cir.1984). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). Thus, the court must affirm the Secretary's decision if it is supported by substantial evidence, even if some of the evidence may support claimant's allegations. Crisp v. Secretary of Health and Human Services, 790 F.2d 450, 453 n. 4 (6th Cir.1986). This court, however, must examine the Secretary's decision for compliance with applicable legal criteria and determine whether substantial evidence supports each necessary finding. Abbot v. Sullivan, 905 F.2d 918, 922 (6th Cir.1990).
 
 
 5
 There are five steps to determining the disability status of a benefits claimant. Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). First, the Secretary must determine whether the claimant is engaged in substantial gainful activity. If not, the Secretary must then determine if the claimant suffers from a severe impairment or combination of impairments. If an impairment is found, the Secretary will look to 20 C.F.R. Part 404, Subpart P, Appendix 1, to see if the claimant is disabled solely on the basis of medical evidence. If the claimant does not qualify as disabled for Subpart P purposes, the Secretary will examine whether the claimant can perform his or her past relevant work. If the claimant cannot, then the Secretary must consider his residual functional and vocational capacity to see if he can be gainfully employed in the national economy. Upon application of this five-step process, Hayes was found not to be "disabled." Further, the Secretary concluded that, while Hayes could no longer act as an assistant manager in a restaurant, he was capable of "sedentary work" and thus was ineligible for benefits.
 
 
 6
 Hayes concedes that not one of his conditions by itself precisely meets the requirements of a Subpart P listing. Instead, Hayes insists that the sum of his impairments is severe enough to "adequately approximate the requirements of listing section 10.10." Thus, Hayes argues, the Secretary did not adequately consider and summarize the cumulative effects of his amputation, high blood pressure, and obesity.
 
 
 7
 Under Social Security Ruling 83-19, the Secretary can conclude that an impairment is the medical equivalent of a listed impairment if: 1) one of the required findings is missing but other findings of equal or greater significance relating to the same impairment are present; 2) the impairment is not listed but is the medical equivalent of the listed impairment, or 3) the combination of the claimant's impariments is the medical equivalent of a listed impairment. Eldridge v. Sullivan, 726 F.Supp. 663, 667 (S.D.Ohio 1989).
 
 
 8
 Hayes's attempt to interpret 10.10 as constituting a disability in his case is misplaced. 10.10 pertains to impairments which occur in relation to obesity. This section requires that a man of Hayes's height must weigh at least 336 pounds. By Hayes's own admission, he weighs between 280 and 320 pounds. In addition to obesity, 10.10 requires that there be a limitation of motion in a weight-bearing joint. The evidence here indicates that Hayes's range of motion was normal and that there was no evidence of arthritis. A medical adviser assessed Hayes as having a residual functional capacity and that he could perform sedentary work. Because Hayes does not qualify as disabled for the purposes of this statute, the district court's determination with regard to this matter is affirmed.
 
 
 9
 Hayes's second argument on appeal is that he has non-exertional limitations, ignored by the Secretary, which preclude classifying Hayes as capable of "sedentary work." The limitations allegedly not considered by the Secretary include that Hayes cannot walk without a cane, cannot wear a prosthesis because of recurrent infections, has difficulty sitting due to pain and swelling, cannot wear shoes for long periods, must elevate his injured leg throughout the day, and is adversely affected by cold weather.
 
 
 10
 Under 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 201.28, the use of the medical-vocational guidelines is inapplicable if claimant has significant non-exertional impairments which restrict the performance of a full range of work at a relevant residual functional capacity level. Cole v. Secretary of Health and Human Services, 820 F.2d 768, 771 (6th Cir.1987); Damron v. Secretary of Health and Human Services, 778 F.2d 279 (6th Cir.1985). The administrative law judge considered Hayes's subjective complaints of pain and functional limitations but found that full credibility could not be given to Mr. Hayes's assertions. Given, then, his residual functional capacity to perform a full range of sedentary work, except with regard to the use of right-foot controls or climbing ladders, and given his completion of high school, the administrative law judge concluded that Hayes's additional non-exertional limitations did not compromise his capacity for a full range of sedentary work capacity. The administrative law judge's determination was upheld by the Secretary and the district court.
 
 
 11
 Credibility determinations are within the administrative law judge's province, but there must be valid grounds for disbelieving a claimant's assertions. Blankenship v. Bowen, 874 F.2d 1116 (6th Cir.1989); see also Wokojance v. Weinberger, 513 F.2d 210, 212 (6th Cir.), cert. denied, 423 U.S. 856 (1975) (the Secretary must resolve conflicts in evidence as well as questions of credibility). Here, the administrative law judge felt Hayes's credibility was lacking, in part because his testimony regarding daily activity indicated he could do sedentary work. Additional non-exertional limitations alleged by Hayes were considered by the Secretary and found to be both unsubstantiated by the medical evidence and not credible in light of Hayes's testimony. The district court found as well that Hayes's assertions were not supported by the medical evidence and were belied by testimony regarding his lifestyle. The district court, upon concluding that there was insufficient proof of significant non-exertional limitations, quoted from Cole, 820 F.2d at 772: "A mere allegation of a non-exertional limitation is not sufficient ... the determining factor is whether the alleged non-exertional impairment is severe enough to alter the conclusion that the claimant could do a full range of sedentary work."
 
 
 12
 Finally, it should be noted that Hayes's interpretation of the requirements of a "sedentary work" classification is flawed. First, the definition of sedentary work does not require operation of foot controls. 20 C.F.R. § 404.1567(a): compare with 20 C.F.R. § 404.1567(b) (definition of "light work" lists operation of foot controls as an element). Further, climbing limitations do not significantly impair the ability to perform sedentary work; in fact, the vast majority of sedentary work involves sitting, as opposed to standing or walking, and a sedentary worker is estimated to spend no more than two hours a day on his feet. See Social Security Rulings 83-13 and 85-15; see also 20 C.F.R. § 404.1567(a).
 
 
 13
 Therefore, we affirm.